**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| JEFFREY A. FOWLER, | ) | |
| *on behalf of himself and all other persons* | ) | |
| *similarly situated*, | ) | |
| | ) | |
| Plaintiff and Counterdefendant, | ) | Case No. 10-2018-CM |
| | ) | |
| v. | ) | |
| | ) | |
| NETWORK EXPRESS, INC., | ) | |
| | ) | |
| Defendant and Counterclaimant. | ) | |

## SCHEDULING ORDER

On March 3, 2010, pursuant to Fed. R. Civ. P. 16(b), the court conducted a scheduling conference in this case with the parties.[1] Plaintiff appeared through counsel Michael F. Brady and Matthew E. Osman. Defendant appeared through counsel Robert L. Browning.

After consultation with the parties, the court enters this scheduling order, summarized in the table that follows:

---

[1] As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, cross-claimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, cross-claim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

| SUMMARY OF DEADLINES AND SETTINGS ||
|---|---|
| Event | Deadline/Setting |
| Plaintiff's settlement proposal | within 30 days following the close of the opt-in period, or the denial of conditional certification |
| Defendant's settlement counter-proposal | within 15 days of plaintiff's proposal |
| Confidential settlement reports to magistrate judge, with identification of agreed-upon mediator or other ADR neutral | within 30 days of defendant's response to plaintiff's settlement proposal |
| Mediation or other ADR process completed | to be determined after the court rules on conditional certification |
| Initial disclosures exchanged | March 17, 2010 |
| All discovery completed | June 1, 2010 |
| Supplementation of disclosures | April 22, 2010 |
| Jointly proposed protective order submitted to court | April 2, 2010 |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | April 9, 2010 |
| Motions to join additional parties or otherwise amend the pleadings | to be determined after the court rules on conditional certification |
| Motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a claim | to be determined after the court rules on conditional certification |
| All other potentially dispositive motions (e.g., summary judgment) | to be determined after the court rules on conditional certification |
| Motions challenging admissibility of expert testimony | 28 days before trial |
| Comparative fault identification | n/a |
| Motion to conditionally certify this matter as a collective action | July 2, 2010 |
| Response in opposition to motion for conditional certification | July 30, 2010 |
| Reply brief in support of motion for conditional certification | August 13, 2010 |
| Updated Rule 26(f) report | within 7 days of the court's ruling on conditional certification |

**1.      Alternative Dispute Resolution (ADR).**

a.      Because this case is brought as a putative collection action and the parties do not yet know the scope of plaintiff's claims, the undersigned magistrate judge agrees with the parties that ADR would be most effective after the court determines whether this matter should be conditionally certified as a collective action.  Therefore, plaintiff shall submit to defendant a good faith proposal to settle the case within 30 days following the close of the opt-in period or the denial of conditional certification, whichever is applicable.  Within 15 days of receiving plaintiff's proposal, defendant shall make a good faith response to plaintiff's proposal, either accepting the proposal or submitting defendant's own good faith proposal to settle the case.  Within 30 days after defendant's response to plaintiff's proposal, each of the parties shall submit independently, by way of e-mail or letter (preferably the former), addressed to the magistrate judge (but not the district judge), a confidential settlement report.  These reports shall briefly set forth the parties' settlement efforts to date, current evaluations of the case, views concerning future settlement negotiations and the overall prospects for settlement, and a specific recommendation regarding mediation and/or any other ADR method, together with an indication concerning who has been selected by the parties (preferably jointly) to serve as a mediator or other neutral in an ADR process. These reports need not be served upon opposing parties and **shall not** be filed with the Clerk's Office.  The court may thereafter order participation in an ADR process.

b.      Settlement may be enhanced by use of mediation (or other chosen ADR process).  Counsel shall provide the name of an agreed-upon mediator (or other ADR

neutral) to the court, and the scheduled date of the mediation (or other chosen ADR process), as part of the above-described confidential settlement reports; if the parties are unable to jointly agree upon a mediator (or other neutral), each shall suggest a mediator (or other neutral) and then the court will select a mediator (or other neutral).  The ADR process shall be held by a date to be set after the Court has determined the issue of conditional certification before the mediator (or other neutral) chosen by the parties or selected by the court.  An ADR report, on the form located on the district's Internet website,  must be filed by defense counsel within five days of the scheduled ADR process (*http://www.ksd.uscourts.gov/attorney/adr/adrreport.pdf*).

**2.     Discovery.**

a. The parties shall exchange by **March 17, 2010** the information required by Fed. R. Civ. P. 26(a)(1).  In order to facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without any need for formal requests for production, copies of the various documents described in the parties' respective Rule 26(a)(1) disclosures shall be exchanged by **March 17, 2010**.  The parties are reminded that, although Rule 26(a)(1) is keyed to disclosure of information that the disclosing party "may use to support its claims or defenses, unless solely for impeachment," as made clear by the advisory committee notes to the 2000 amendments to that rule, this also requires a party to disclose information it may use to support its denial or rebuttal of the allegations, claim, or defense of another party.  In addition to other sanctions that may be applicable, a party who without substantial justification fails to disclose information required by Fed. R. Civ. P. 26(a) or Fed.

R. Civ. P. 26(e)(1) is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed. *See* Fed. R. Civ. P. 37(c)(1).

      b.     The parties request this case to be bifurcated so that there can first be a determination whether or not this matter will be conditionally certified as a collective action. However, as agreed by the parties, discovery during the initial "conditional certification" period shall not be bifurcated or limited to just issues pertaining to certification, but may proceed on any and all discoverable issues at this time. All discovery during the initial "conditional certification" period shall be commenced or served in time to be completed by **June 1, 2010**. After the court rules on the issue of conditional certification as a collective action, a status and scheduling conference will be held to reevaluate, in light of the court's ruling, whether additional discovery is needed and to set all other deadlines.

      c.     The parties intend to serve disclosures and discovery electronically, as permitted by D. Kan. Rules 5.4.2 and 26.3.

      d.     Consistent with the parties' agreements as set forth in the planning conference report submitted pursuant to Fed. R. Civ. P. 26(f), electronically stored information (ESI) in this case will be handled as follows:

> ***General.*** If ESI is a subject of discovery, it should be requested with as much specificity/particularity as possible to minimize the required expense. Based on the date this case was filed, and the applicable statute of limitations, the relevant time period for discovery should generally begin on January 12, 2007. Depending on all circumstances, it may be reasonable to allow discovery directed toward particular events or evidence before January 12, 2007.

***Form of production.*** Unless otherwise agreed upon, the parties may disclose/produce ESI in hardcopy or static form (e.g., .pdf or .TIF), thereby allowing documents produced to be indexed and individually marked through "bates" stamping. Consistent with the Federal Rule of Civil Procedure 34(b)(iii), the parties will presumptively need not produce the same ESI in more than one form; however, after the production of ESI in a hardcopy or static form, the parties may request disclosure of metadata or native files for particular documents where good cause has been demonstrated, e.g. including but not limited to: (a) when the original creation date of a document is at issue and disputed; (b) when a party needs access to the native format in order to determine the manipulability of a system and/or the information contained therein; or (c) when a static image is not reasonably usable, e.g. when a pdf image is unable to capture/display all column/information contained in a spreadsheet such as an Excel file.

Defendant anticipates that some relevant ESI (such as ESI containing information pertaining to scheduling, payroll, time records) exists in a database or databases in a proprietary format. Unless good cause is shown for why the original ESI in native format for such information need be produced, to the extent discoverable, Defendant may "produce" information from these databases by pulling data into more reasonably usable form, e.g., Excel spreadsheets. Consistent with Fed. R. Civ. P. 34(b), on-site inspections/testing of electronic media shall be permitted only where good cause for the same has been demonstrated.

***Search parameters/terms.*** The parties have agreed that Plaintiff will provide a preliminary list of keyword search terms when ESI is requested. However, they agree that it is too early in the litigation to prepare a list for e-mail review at this time. The parties will meet and confer to attempt to reach an agreement once written discovery is propounded seeking e-mail or other potentially voluminous ESI.

***Preservation of ESI.*** Defendant has issued a litigation hold memo to key employees throughout the company. Defendant shall take reasonable measures to confirm that its employees are complying with the hold directive, but Defendant need not incur costs associated with making forensic copies ("mirroring") hard drives. Defendant need not take affirmative steps to copy or collect ESI on personal digital assistants or voicemail systems as part of its preservation efforts, absent a particularized showing by Plaintiff that relevant information is (a) likely to exist on and (b) does not likely exist in another

  more easily available format (e.g., as active data on a server through which data).

 e. Consistent with the parties' agreements as set forth in their Rule 26(f) report, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows:

  If a party inadvertently produces material subject to a claim of privilege or protection as trial preparation material, it must notify the requesting party of such production and claim. The parties agree that the production of privileged or protected materials or information shall not waive such privilege or protection. Furthermore, after the requesting party is notified of the inadvertent production, it must return or destroy all of the inadvertently produced information and copies and may not use or disclose such information or copies until the claim of privilege or protection as trial preparation materials is resolved.

 f. No party shall serve more than **30** interrogatories, including all discrete subparts, to any other party, during the initial phase of discovery.

 g. There shall be no more than **10** depositions by plaintiff and **10** by defendant during the initial "conditional certification" period.

 h. Each deposition shall be limited to **7** hours. All depositions shall be governed by the written guidelines that are available on the court's Internet website,

   *(http://www.ksd.uscourts.gov/guidelines/depoguidelines.pdf).*

 i. The parties do not anticipate using expert witnesses in connection with any motion for conditional certification as a collective action.

 j. The parties agree that physical or mental examinations pursuant to Fed. R. Civ. P. 35 are not appropriate in this case.

k.	Supplementations of disclosures under Fed. R. Civ. P. 26(e) shall be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures shall be served in any event by **April 22, 2010**, 40 days before the deadline for completion of all discovery.  The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify the universe of all witnesses and exhibits that probably or even might be used at trial.  The rationale for the mandatory supplemental disclosures 40 days before the discovery cutoff is to put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition (or pursue follow-up "written" discovery) concerning a witness or exhibit disclosed by another party before the time allowed for discovery expires.  Counsel should bear in mind that seldom should anything be included in the final Rule 26(a)(3) disclosures, which as explained below usually are filed 21 days before trial, that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial.  *See* Fed. R. Civ. P. 37(c)(1).

l.	At the final pretrial conference after the close of discovery, the court will set a deadline, usually 21 days prior to the trial date, for the parties to file their final disclosures pursuant to Fed. R. Civ. P. 26(a)(3)(A), (B) & (C).  As indicated above, if a witness or exhibit appears on a final Rule 26(a)(3) disclosure that has not previously been included in a Rule 26(a)(1) disclosure (or a timely supplement thereto), that witness or exhibit probably will be excluded at trial.  *See* Fed. R. Civ. P. 37(c)(1).

m.     Discovery in this case may be governed by a protective order. If the parties agree concerning the need for and scope and form of such a protective order, their counsel shall confer and then submit a jointly proposed protective order by **April 2, 2010**. Such jointly proposed protective orders shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the need for, and/or the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum by **April 9, 2010**.

n.     To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a). Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports. *See* D. Kan. Rule 26.4(b).

**3.     Motions.**

a.     Any motion for leave to join additional parties or to otherwise amend the pleadings shall be filed by a date to be set after the Court has determined the issue of conditional certification.

b.     Provided that such defenses have been timely preserved, any motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a

claim upon which relief can be granted shall be filed by a date to be set after the Court has determined the issue of conditional certification.

  c. All other potentially dispositive motions (e.g., motions for summary judgment) shall be filed by a date to be set after the Court has determined the issue of conditional certification.

  d. All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, shall be filed no later than 28 days before trial.

  e. Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 shall be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown. Otherwise, the objection to the default, response, answer, or objection shall be waived. *See* D. Kan. Rule 37.1(b).

  f. Any motion to conditionally certify this matter as a collective action shall be filed by **July 2, 2010**. Any response in opposition by defendant shall be filed by **July 30, 2010**. Any reply by plaintiff shall be filed by **August 13, 2010**.

**4.** **Other Matters.**

  a. The parties agree that principles of comparative fault do not apply to this case.

  b. Within 7 days of the Court's ruling on conditional certification, the parties shall submit an updated planning report to the undersigned Magistrate Judge finalizing the

remaining deadlines. The Court will hold an additional Status and Scheduling Conference after receiving the parties' updated planning report.

      c.      The parties are not prepared to consent to trial by a U.S. Magistrate Judge.

      d.      The arguments and authorities section of briefs or memoranda submitted shall not exceed 30 pages, absent an order of the court.

This scheduling order shall not be modified except by leave of court upon a showing of good cause.

**IT IS SO ORDERED.**

Dated this 3d day of March, 2010, at Topeka, Kansas.

                                              <u>s/ K. Gary Sebelius</u>
                                              K. Gary Sebelius
                                              U.S. Magistrate Judge