**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **JEFFREY A. FOWLER, et al., on behalf of himself and all other persons similarly situated,** | ) ) ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) ) | |
| | ) | **No. 10-2018–CM–KGS** |
| | ) | |
| **NETWORK EXPRESS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Plaintiff Jeffrey Fowler, on behalf of himself and all others similarly situated, brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, to recover unpaid straight time and overtime compensation and related penalties and damages. Plaintiff worked as a courier for defendant Network Express, Inc., n/k/a/ Scriptfleet, Inc. Defendant counterclaims, seeking enforcement of an "Independent Contractor Agreement" it entered with plaintiff. Specifically, defendant seeks costs and attorney's fees under paragraph 13 of this agreement. This matter is before the court on Plaintiffs' Motion to Dismiss Counterclaim (Doc. 14). For the following reasons, the court grants the motion.

### Factual and Procedural Background

Plaintiff and others worked for defendant as couriers. Although defendant classified plaintiff and other couriers as "independent contractors," plaintiff alleges that defendant is an "employer" and plaintiff and others similarly situated are non-exempt "employees" under the FLSA. According to plaintiff, defendant failed and/or refused to pay its couriers straight time for all hours worked and

overtime pay at a rate of not less than one-and-one-half the regular rate of pay for work performed in excess of forty hours per week, as required by the FLSA. Plaintiff seeks damages as noted above.

Defendant's answer addresses the allegations, sets out a number of affirmative defenses, and asserts a counterclaim. Defendant alleges that plaintiff was an independent contractor for defendant, and entered into an Independent Contractor Agreement ("ICA") with defendant. This agreement, attached to defendant's answer and counterclaim, contains a "hold harmless" provision in which plaintiff agreed to defend, indemnify, and hold defendant harmless for any "damage," "claim," or "action," including reasonable attorney's fees, arising out of or in connection with plaintiff's obligations under the contract. Defendant asserts that, "[i]f, and only if, the [c]ourt finds the [a]greement to be enforceable and that [plaintiff] is an independent contractor, [defendant] is entitled to a judgment enforcing paragraph 13 and other terms of the [a]greement," including an award of the costs, expenses, and attorney's fees (along with pre- and post-judgment interest) incurred in defending this action.

By way of the instant motion, plaintiff asks this court to dismiss the counterclaim as unripe or, in the alternative, on the basis that it does not arise out of the same nucleus of operative facts and therefore the court lacks supplemental jurisdiction over it. Because the court finds the second basis to be dispositive, it does not address the first.

**Supplemental Jurisdiction**

A court lacking jurisdiction must dismiss the case regardless of the stage of the proceeding when it becomes apparent that jurisdiction is lacking. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). There is a presumption against federal jurisdiction, *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999), and the party who seeks to invoke federal

jurisdiction bears the burden of establishing that such jurisdiction is proper, *Montoya v. Chao*, 296

F.3d 952, 955 (10th Cir. 2002). There is no dispute that defendant's counterclaim arises under state

law. Defendant argues that the counterclaim is compulsory, or, even if it is not, this court should

exercise supplemental jurisdiction over it.

This court has supplemental jurisdiction over compulsory counterclaims. *Adamson v.*

*Dataco Derex*, 178 F.R.D. 562, 564 (D. Kan. 1998); *see also N.L.R.B. ex rel. Int'l Union of Elec.,*

*Radio & Machine Workers, etc., v. Dutch Boy, Inc., Glow Lite Div.*, 606 F.2d 929, 932 (10th Cir.

1979) (federal court has supplemental jurisdiction over compulsory counterclaims; permissive

counterclaims, however, require their own jurisdictional basis). And this court may, in its discretion,

exercise supplemental jurisdiction over state law counterclaims under 28 U.S.C. § 1367(a), if the

claim is so related to the federal question claims that it forms part of the same case or controversy.

28 U.S.C. § 1367(a). Section 1367(a) requires federal and state law claims to derive from a

"common nucleus of operative fact." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156,

164–65 (1997). [1]

A defendant's counterclaim is compulsory, and must be raised or else barred, if it "arises out

of the transaction or occurrence that is the subject matter of [plaintiff's] claim." Fed. R. Civ. P.

13(a); *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1 (1974). The Tenth Circuit has

described a counterclaim as compulsory if: (1) the issues of fact and law raised by the principal

claim and the counterclaim are largely the same; (2) res judicata would bar a subsequent suit on

defendant's claim; (3) the same evidence supports or refutes the principal claim and the

counterclaim; and, (4) there is a logical relationship between the claim and counterclaim. *Berrey v.*

---

[1] It is unclear whether 28 U.S.C. § 1367's supplemental jurisdiction over counterclaims depends on Rule 13's compulsory/permissive distinction. *Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465-KHV, 2008 WL 640733, at \*1 n.1 (D. Kan. March 6, 2008).

*Asarco Inc.*, 439 F.3d 636, 645 (10th Cir. 2006). "'Transaction is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.'" *King Fisher Marine Serv., Inc. v. 21st Phoenix Corp.*, 893 F.2d 1155, 1162 (10th Cir. 1990) (quoting *Moore v. N.Y. Cotton Exch.*, 270 U.S. 593, 610 (1926)).

Plaintiff's FLSA wage claim arises from his employment with defendant. To succeed on his FLSA claim, he must establish that he is an "employee" within the meaning of the act. Although the ICA is not dispositive of this question, it is relevant to the court's inquiry. *Dole v. Snell*, 875 F.2d 802, 804 (10th Cir. 1989); *Lewis v. ASAP Land Express, Inc.*, 554 F. Supp. 2d 1217, 1222–23 (D.Kan. 2008). Defendant's counterclaim arises from this lawsuit, that is, the filing of this action, and analysis of defendant's claim depends on the enforceability of the indemnity provision in the ICA. To that extent, the claims are logically related. *See King Fisher Marine Serv.*, 893 F.2d at 1163 (quoting *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978)).

However, that appears to be the extent of the relationship between these claims. The court concludes that defendant's contract claim does not arise out of the subject matter of plaintiff's claim, and is therefore not compulsory. Nor do plaintiff's FLSA claim and defendant's contract claim derive from a common nucleus of operative fact. In reaching this conclusion, the court is guided by the rationale in *Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465-KHV, 2008 WL 640733 (D. Kan. Mar. 6, 2008).

In that FLSA action, the district court dismissed the employer's counterclaims for misappropriation of trade secrets, breach of duty of loyalty, civil conspiracy, breach of fiduciary duty, and accounting of profits, because the counterclaims were not concerned with the number of hours plaintiffs worked per week or whether they received proper compensation, and most

counterclaims involved post-employment conduct, "undermin[ing] the existence of a common nucleus of operative fact." Although the parties did not argue whether defendant's counterclaim was compulsory or permissive, the court noted that its analysis would not have changed. After reviewing relevant case law, the court determined that the employment relationship, alone, is insufficient to create a common nucleus of operative fact between an FLSA claim and a peripheral state law claim. *See also Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447 (S.D.N.Y. 2008); *Cormier v. Funtown/Splashtown USA, Inc.*, 294 F. Supp. 2d 125 (D. Me. 2003). *But see Robinson v. Food Serv. of Belton, Inc.*, 415 F. Supp. 2d 1221 (D. Kan. 2005); *Ahle v. Veracity Research Co.*, 641 F. Supp. 2d 857 (D. Minn. 2009).

The court is mindful of the presumption against federal jurisdiction. And although we are in the early stages of this litigation and unresolved questions of fact and law appear to have some overlap, this court's review of the relevant case law suggests that the relationship between plaintiff's FLSA claim and defendant's claim for contractual indemnity, which exists only by virtue of the employment relationship, is not sufficient to confer supplemental jurisdiction over defendant's state law counterclaim in this FLSA action. *See Wilhelm*, 2008 WL 640733, at *2–3. Because the court lacks jurisdiction over defendant's claim, it therefore grants plaintiff's motion and dismisses the claim without prejudice. In light of this ruling, the court declines to address the alternative basis offered in support of plaintiff's motion to dismiss.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Dismiss Counterclaim (Doc. 14) is granted.

Dated this <u>3rd</u> day of May 2010, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**
